UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. SYKES, #968572,

        Petitioner,

v.

        CASE NO. 19-CV-13180
        HONORABLE MARK A. GOLDSMITH

ERICA HUSS,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I.    INTRODUCTION

Michigan prisoner Michael D. Sykes ("Petitioner") was convicted of three counts of kidnapping, Mich. Comp. Laws § 750.349, eight counts of first-degree criminal sexual conduct (CSC–I), Mich. Comp. Laws §750.520b, two counts of second-degree criminal sexual conduct (CSC–II), Mich. Comp. Laws § 750.520c, two counts of armed robbery, Mich. Comp. Laws § 750.529, three counts of felonious assault, Mich. Comp. Laws § 750.82, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. The state trial court sentenced him to thirty-seven-and-a-half to seventy years imprisonment on each of the kidnapping and CSC–I convictions, ten to fifteen years imprisonment on each CSC–II conviction, forty to sixty years imprisonment on each robbery conviction, and two to four years imprisonment on each felonious assault conviction, to be served concurrently to each other, and consecutive to a term of two years imprisonment on the felony firearm conviction in 2016.

In his pro se pleadings, Petitioner raises claims concerning the impartiality of the state trial court, the identification procedures, the validity of his arrest and the subsequent admission of evidence, and the effectiveness of trial counsel as to that issue. On February 21, 2020, the Court ordered Petitioner to show cause why this case should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a timely response to that order. Having further reviewed the matter, the Court concludes that the petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.     PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals essentially raising the same claims contained in his habeas petition. The court denied relief on those claims and affirmed his convictions and sentences. People v. Sykes, No. 330575, 2017 WL 2791025 (Mich. Ct. App. June 27, 2017). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Sykes, 910 N.W.2d 256 (Mich. 2018).

Petitioner dated his federal habeas petition on October 10, 2019.

## III.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A habeas petition filed outside the prescribed time period must be dismissed. See, e.g., Isham v. Randle, 226 F.3d 691, 694-695 (6th Cir. 2000) (dismissing case filed 13 days late); Wilson v. Birkett, 192 F. Supp. 2d 763, 765-766 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's federal habeas petition. Day v. McDonough, 547 U.S. 198, 209 (2006).

Petitioner's convictions and sentences became final after the AEDPA's April 24, 1996 effective date. Petitioner's direct appeal before the Michigan Supreme Court was denied on May 1, 2018. His convictions became final 90 days later. See, e.g., Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (holding that a conviction becomes final when "the time for filing a certiorari petition expires"); Lawrence v. Florida, 549 U.S. 327, 333 (2007); U.S. Sup. Ct. R. 13(1). Accordingly, Petitioner was required to file his federal habeas petition by July 30, 2019, excluding any time during which a properly filed application for state post-conviction or collateral review

3

was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner did not seek state post-conviction or collateral review. Rather, he dated his federal habeas petition on October 10, 2019—more than two months after the one-year period had expired. His habeas petition is, therefore, untimely and subject to dismissal.

Petitioner does not assert that the State created an impediment to the filing of his habeas case or that his claims are based upon newly discovered evidence or newly enacted, retroactively applicable law. He is thus not entitled to statutory tolling of the one-year period. In fact, in his reply to the Court's show cause order, Petitioner's acknowledges that he filed his habeas petition two months after the one-year period expired. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645-646 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Robertson v. Simpson, 624 F.3d 781, 783-784 (6th Cir. 2010). A petitioner has the burden of demonstrating that he or she is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)).

4

Petitioner asserts that he is entitled to equitable tolling of the one-year period because his appellate counsel, Jonathan B.D. Simon, did not inform him about possible federal habeas proceedings, even after he wrote a letter to counsel inquiring about further review of his case. Petitioner also asserts that he is entitled to equitable tolling because he suffers from mental illness and is uneducated and untrained in the law.

There is no constitutional right to counsel or to the effective assistance of counsel on collateral review, including habeas proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Brown v. United States, 20 F. App'x 373, 375 (6th Cir. 2001); cf. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (holding that ineffective assistance of post-conviction counsel may establish cause to excuse a procedural default on initial-review collateral proceeding where that proceeding was first opportunity to raise ineffective assistance of trial counsel claim). Nonetheless, the Supreme Court and the United States Court of Appeals for the Sixth Circuit have indicated that "serious instances of attorney misconduct" may constitute an extraordinary circumstance to warrant equitable tolling. See Holland, 560 U.S. at 651-653; Patterson v. Lafler, 455 F. App'x 606, 609-610 (6th Cir. 2012) (citing Holland). That being said, those courts have also made clear that attorney error or negligence is not an extraordinary circumstance which justifies equitable tolling. Holland, 560 U.S. at 651-52 (citing cases); Lawrence, 549 U.S. at 336-337 ("attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Jurado, 337 F.3d at 644; see also Coleman, 501 U.S. at 752-753. Rather, counsel's conduct, or lack thereof, must be sufficiently egregious—akin to abandonment—to warrant equitable relief. See Maples v. Thomas, 565 U.S. 266, 282-283 (2012) (discussing Holland and ruling that attorney abandonment

5

may constitute cause to excuse a procedural default); Patterson, 455 F. App'x at 610 (attorney incapacitation or abandonment may constitute an extraordinary circumstance).

In this case, however, Petitioner neither alleges nor establishes that he retained counsel or that counsel otherwise agreed to represent him in state or federal collateral proceedings after the conclusion of his direct appeal in the state courts. In fact, state court records show that Petitioner proceeded in pro per (without the assistance of counsel) before the Michigan Supreme Court, and the Michigan Supreme Court denied his motion for appointment of counsel. See Sykes, 910 N.W.2d 256; App. Dkt. Sheet, Mich. Ct. App. No. 330575, Mich. S. Ct. No. 156333, https://perma.cc/H4M9-GWTX. Additionally, state court records reveal that Attorney Adrienne N. Young, not Jonathan B.D. Simon, represented Petitioner before the Michigan Court of Appeals in the state criminal case giving rise to this habeas action. See App. Dkt., https://perma.cc/H4M9-GWTX. Attorney Jonathan B.D. Simon, on the other hand, represented Petitioner before the Michigan Court of Appeals in a different state criminal case and Petitioner proceeded in pro per before the Michigan Supreme Court in that case as well. See People v. Sykes App. Dkt., Mich. Ct. App. No. 335384, Mich. S. Ct. No. 157125, https://perma.cc/V6A2-PHCY. Those convictions are the subject of a separate habeas petition pending before another judge in this district. See Sykes v. Huss, No. 4:19-CV-12870 (E.D. Mich.) (Davis, J.). Consequently, appellate counsel cannot be said to have abandoned Petitioner, as counsel had no duty of representation beyond Petitioner's direct appeal before the Michigan Court of Appeals. Appellate counsel's conduct (or lack thereof) after counsel's representation ended, and which preceded the start of the one-year statute of limitations, cannot serve to toll the one-year period. Petitioner also fails to sufficiently explain why it took him more than one year to consult with someone about

6

pursuing additional review of his convictions after his letter to Jonathan B.D. Simon went unanswered. Petitioner failed to act with diligence in this regard.

Petitioner alleges that he suffers from mental illness that impeded his ability to understand his rights, pursue assistance, and seek federal habeas review in a timely manner. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance that justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he or she was mentally incompetent and that the mental impairment was the cause for the late filing. Id.; Robertson v. Simpson, 624 F.3d 781, 785 (6th Cir. 2010); see also Plummer v. Warren, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. Stiltner v. Hart, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard. While he alleges that he suffers from mental illness, he does not identify his illness, provide medical records, or elaborate on his condition with any specificity. His pleadings do not establish that he is or was mentally incompetent, or that his mental health impaired his ability to pursue legal proceedings on his own behalf or with the assistance of others throughout the relevant time period in 2018 and 2019 when the statute of limitations ran. His pleadings also do not establish that he was unable to understand the need for assistance, to secure assistance, or to cooperate with assistance during that time. To be sure, he

7

asserts that he wrote a letter to one of his appellate attorneys about further review after his direct appeal ended, that he subsequently spoke with a fellow prisoner about seeking further review, and that he cooperated with a legal writer who assisted him in filing his admittedly late habeas petition. Simply put, Petitioner fails to show that his mental health condition was so significant throughout the relevant time period in 2018-2019 that he was unable to obtain legal assistance sooner and to seek federal habeas review in a timely manner. "Speculation about the impact of . . . mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." McSwain v. Davis, 287 F. App'x 450, 458 (6th Cir. 2008).

Lastly, the fact that Petitioner is uneducated and untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. See Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); Allen, 366 F.3d at 403 (ignorance of the law does not justify tolling); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); Sperling v. White, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling under Holland.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in Souter,

8

to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal marks and citations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)); see also House v. Bell, 547 U.S. 518, 537-539 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Souter, 395 F.3d at 590 (quoting Schlup, 513 U.S. at 321).

Petitioner neither alleges nor establishes his actual innocence under the foregoing standards. Any argument that his habeas claims have merit does not establish his actual innocence. Craig v. White, 227 F. App'x 480, 481-482 (6th Cir. 2007). Petitioner is thus not entitled to equitable tolling based upon actual innocence. His habeas petition is untimely and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY AND LEAVE TO FILE IN FORMA PAUPERIS

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to tolling of the one-year limitations period. Accordingly, the Court dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner

9

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id. In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court denies a COA. The Court further concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed in forma pauperis on appeal.

### IV. CONCLUSION

For the reasons stated above, the petition for writ of habeas corpus, a certificate of appealability, and leave to file in forma pauperis are denied.

SO ORDERED.

Dated: November 5, 2020　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager